United States District Court
Southern District of Texas

**ENTERED**

July 01, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT<br>
FOR THE SOUTHERN DISTRICT OF TEXAS<br>
HOUSTON DIVISION

| | | |
|---|---|---|
| AXCESS GLOBAL SCIENCES, LLC, | § § § § § | CIVIL ACTION NO 4:23-cv-02704 |
| Plaintiff, | | |
| v. | § § § | JUDGE CHARLES ESKRIDGE |
| OZCAN GROUP, INC d/b/a CONTEXT HEALTH PRODUCTS, *et al*, | § § § § § | |
| Defendants. | § | |

OPINION AND ORDER<br>
GRANTING MOTION FOR DEFAULT JUDGMENT

The motion for default judgment by Plaintiff Axcess Global Sciences, LLC, is granted. Dkt 32.

1.  Background

No Defendant has answered or otherwise appeared to oppose the relief sought by Plaintiff in this matter. The facts alleged by Plaintiff in its complaint are thus accepted as true. See *Nishimatsu Construction Company v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

Plaintiff filed this action for trademark infringement and federal false advertising under Sections 32 and 43 of the Lanham Act, 15 USC §§1114(a)–(b) and 1125(a)–(c), and patent infringement under 35 USC §§1, *et seq*. See Dkt 5 at ¶1. Plaintiff is the owner of the registered

1

trademark GOBHB (Reg. No. 5261845), which is applied to products sold by Plaintiff and its licensees that contain Plaintiff's GOBHB-branded ingredients. Id at ¶2. Plaintiff is also the owner of US Patents 11,241,403 and 11,020,362 (the *'403 Patent*, *'362 Patent*, and together the *Asserted Patents*), which include claims for unique formulations of the health supplement Beta-Hydroxybutyrate (BHB). Id at ¶3.

Defendants make, use, advertise, offer for sale, sell, and/or import a product called Context BHB Keto Salts Supplement (referred to as *Context BHB*):



Id at ¶4. Defendants' advertising states that Context BHB contains infringing formulas of BHB: (1) "Magnesium Beta Hydroxybutyrate (goBHB® capsule)," (2) "Calcium Beta-Hydroxybutyrate (goBHB® capsule)," and (3) "Sodium Beta-Hydroxybutyrate (goBHB® capsule)." Id at ¶5.

In addition to infringing the Asserted Patents by making, using, selling, offering for sale, and/or importing Context BHB, Defendants advertise that Context BHB contains a "GoBHB® Proprietary Blend" of goBHB®-branded ingredients and use Defendants' logo and goBHB® trademark in nearly every Context BHB product photo on

Defendants' website and Amazon.com listing, without authorization from Plaintiff. Id at ¶6.

Plaintiff filed its First Amended Complaint on August 15, 2023. Dkt 5. Summons were issued to each of Defendants on September 21, 2023. Dkt 9. Defendant Ozcan was served on October 9, 2023. Dkt 11. Pursuant to an order permitting alternative service, Plaintiff served Defendants Arslan and Context on November 2, 2023, and November 6, 2023, respectively. See Dkts 13 & 14. None have responded, and default has been entered against each of them. See Dkts 19 & 21.

Plaintiff now moves for entry of default judgment against all Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt 32.

2.   Legal standard

Rule 55 governs default proceedings. This involves sequential steps of default, entry of default, and default judgment. A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Insurance Co v Brown*, 84 F3d 137, 141 (5th Cir 1996). An entry of default is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A default judgment can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d

3

766, 767 (5th Cir 2001). Rather, a default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (quotation marks omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *Nishimatsu*, 515 F2d at 1206. The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, \*11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, \*3 (ND Tex), citing *Lindsey v Prive Corp*, 161 F3d 886, 893 (5th Cir 1998).

### 3. Analysis

No person or entity has filed any answer or otherwise responded to the complaint or request for entry of default. The entry of default was thus deemed appropriate under Rule 55(a). See Dkts 21, 29 & 30.

The remaining question concerns the propriety of entering default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The next is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. The last is whether and what relief the plaintiff should receive. For example, see *Neutral Gray Music v TriCity Funding & Management LLC*, 2021 WL 1521592, \*2 (SD Tex) (collecting cases).

#### a. Procedural requirements

The following factors are pertinent to decision of whether default judgment is procedurally appropriate:

- o *First*, whether material issues of fact are in dispute;
- o *Second*, whether there has been substantial prejudice to the plaintiff;
- o *Third*, whether the grounds for default are clearly established;
- o *Fourth*, whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- o *Fifth*, whether default judgment is inappropriately harsh under the circumstances; and
- o *Sixth*, whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §2685 (2d ed 1983).

*First*, Plaintiff's well-pleaded allegations against Defendants are assumed to be true. See *Nishimatsu*, 515 F2d at 1206. No person or entity has defended or otherwise appeared in this action. This means that no material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second*, Plaintiff has naturally experienced substantial prejudice. It served a copy of the complaint upon each of Defendants. Dkts 11 & 14. Neither Defendants nor their counsel, nor any other person or entity, has responded or defended this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, *3 (SD Tex); *Insurance Co of the West v H&G Contractors Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third*, the Clerk properly entered default against the Defendant Property pursuant to Rule 55(a) because no person or entity answered or otherwise defended this action. Dkts 21, 29 & 30. Default judgment is likewise proper because no person or entity has since answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corp v Big Daddy's Entertainment Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth*, nothing suggests that default by any Defendant has been the product of a good-faith mistake or excusable neglect. See *Insurance Co of the West*, 2011 WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893.

*Fifth*, nothing suggests that it would be too harsh to enter default judgment against Defendants. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill LLC*, 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Co of the West*, 2011 WL 4738197 at *3. Defendants have had nearly five months to come forward and defend in this action. This mitigates the perception of any harshness of entering a default judgment. See *Insurance Co of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth*, nothing suggests that a default judgment would be set aside were any person or entity to later challenge it. See *Insurance Co of the West*, 2011 WL 4738197 at *3.

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

### b.  Substantive requirements

Plaintiff alleges that Defendants engaged in trademark infringement, federal false advertising, and patent infringement. Dkt 5 at ¶1. But there still must be "a sufficient basis in the pleadings for the judgment entered."

6

*Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

The inquiry is thus whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten,* 788 F3d at 497–98. Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

Plaintiff first alleges a claim for trademark infringement under 15 USC §1114. Dkt 5 at ¶¶24–30. "To prevail on its claim of trademark infringement . . . [Plaintiff] must show two elements: (1) it possesses a legally protectable trademark and (2) [Defendants'] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Streamline Production Systems Inc v Streamline Manufacturing Inc*, 851 F3d 440, 450 (5th Cir 2017), citing *Nola Spice Designs LLC v Haydel Enterprises Inc,* 783 F3d 527, 536 (5th Cir 2015). The Court finds that the complaint plausibly alleges that "Plaintiff is the owner of the registered trademark, goBHB® (Reg. No. 5261845)," and that "Defendants use the goBHB® trademark on their products and advertising without authorization from Plaintiff." Id at ¶¶3, 27. In addition, the complaint plausibly alleges that "Defendants' unauthorized use of the goBHB® mark is likely to confuse consumers, to cause mistake among consumers, and to deceive consumers into believing that Context BHB contains Plaintiff's branded ingredients." Id at ¶28.

In determining likelihood of confusion, the court considers the following: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *American Rice Inc v Producers Rice Mill Inc*, 518 F3d 321, 329 (5th Cir 2008), citing *Conan Properties Inc v Conans Pizza Inc,* 752 F2d 145, 150 (5th Cir 1985). "The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the factors." Ibid.

Considering the allegations of the complaint, the Court finds a likelihood of confusion. Notable is the fact that Defendants use the GOBHB trademark "on the same kinds of products as Plaintiff," and in the "same trade channels" as Plaintiff:



Id at ¶¶27–29. Defendants' accused products prominently feature Plaintiff's registered GOBHB trademark. There is thus a plausible basis for both elements of Plaintiff's claim for trademark infringement. See *American Rice*, 518 F3d

at 329. Plaintiff further alleges that Defendants' infringement was willful; in support of this allegation Plaintiff notes Defendants' repeated and unauthorized use of its stylized logo, together with the ® symbol for a registered trademark:



Dkt 5 at ¶4. There is also a plausible basis for Plaintiff's allegations of willful trademark infringement and claims of willful trademark infringement. Id at ¶¶29, 36.

The claims as stated in the pleadings thus provide a sufficient basis on the merits for default judgment. Entry of default judgment pursuant to Rule 55(b) is therefore substantively appropriate.

### c.   Appropriate remedies

Rule 54(c) provides that "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." This means that "the relief prayed for in a complaint defines the scope of relief available on default judgment." *United States v $19,840.00 in US Currency More or Less*, 552 F Supp 2d 632, 637 (WD Tex 2008).

Where a plaintiff plausibly states a claim for infringement of a registered trademark under 15 USC §1114, "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an

award of statutory damages for any [infringing] use in connection with the sale, offering for sale, or distribution of goods or services." 15 USC §1117(c). In cases of no willfulness, the range of statutory damages is "not less than $1,000 or more than $200,000 per counterfeit mark." Id at §1117(c)(1). "[I]f the court finds that the use of the counterfeit mark was willful," then the court may award up to "$2,000,000 per counterfeit mark." Id at §1117(c)(2).

Here, Plaintiff plausibly alleged a claim for infringement of the registered GOBHB mark under 15 USC §1114 and that Defendants' infringement was willful. Dkt 5 at ¶¶29–30. In determining the amount of statutory damages to award, courts in the Fifth Circuit consider the following factors: "(1) whether the defendant's conduct was innocent or willful; (2) the expenses saved and profits reaped; (3) the revenue lost by the plaintiff; (4) whether a defendant cooperated in providing particular records from which to assess the value of the infringing material produced; (5) the value of the . . . mark; (6) the potential for discouraging the defendant; and (7) the deterrent effect on others besides the defendant." See *Coach Inc v Sassy Couture*, 2012 WL 162366, *22 (WD Tex), citing *John Wiley & Sons, Inc v Kanzin Rukiz Entertainment and Promotions*, 2007 WL 1695124, *6 (SDNY) (collecting cases).

*Factor One.* It is here found that Defendants acted willfully. In trademark cases, "a defendant acts willfully if he or she knows that his actions constitute infringement." *Coach, Inc v Interntational Bazaar Inc*, 2013 WL 12310712, *5 (ND Tex). Defendants' infringement is willful because Defendants used the full GOBHB mark, exactly as registered, on the precise nutritional supplements for which it was registered. Dkt 5-2. Defendants used the ® mark on their products, which evidences their knowledge

10

the mark was registered. It is thus determined that Defendants' infringement was willful and that this factor supports a maximum award of statutory damages.

*Factors Two, Three, and Four*. It is here found that Defendants' failure to cooperate in providing sales records weighs in favor of increased statutory damages. See *Better Keiki LLC v MairicoDirect*, 2018 WL 5305571, \*7 (ED Tex). In addition, it is notable that Plaintiff's GOBHB mark was sufficiently famous that it was copied by Defendants for the purposes of increasing their sales through trademark infringement. Nevertheless, Plaintiff is unable to quantify the magnitude of the infringement because Defendants didn't appear or cooperate in this litigation. It is thus determined that these factors support an increased statutory damages award.

*Factor Five*. It is here found that Plaintiff has sufficiently alleged the high value of its own GOBHB mark, which Defendants utilized to promote their infringing products, and that Plaintiff has also sufficiently alleged that its GOBHB mark is used to sell supplement products through major retailers across the United States. Dkt 32-1 at ¶¶6–7. It is thus determined that this factor supports an increased statutory damages award.

*Factor Six*. Where a defendant has shown that it is undeterred from continued infringement, increased statutory damages are a favored mechanism to discourage further infringement. *Better Keiki*, 2018 WL 5305571 at \*7. Plaintiff alleges that Defendant continues to sell infringing products at the following web site URL: https://contexthealthproducts.com/products/context-bhb-keto-salts-60-count. Dkt 32-1 at ¶3. It is thus determined that deterrence is an important goal of statutory damages, and so this factor supports a maximum award of statutory damages.

*Factor Seven.* The deterrence of other infringers is an important factor in a statutory damages award. *Better Keiki*, 2018 WL 5305571 at *7. Plaintiff refers to its efforts to police its GOBHB mark and stop others from infringing. Dkt 32-1 at ¶7. It is thus determined that the deterrence of others also supports a maximum award of statutory damages.

The Court finds that a maximum award of statutory damages in the amount of $2,000,000 accords with Plaintiff's right to elect statutory damages, per 15 USC §1114, and accords with the relief requested in the complaint. Dkt 5.

4. Conclusion

The requested relief of entry of default judgment is appropriate given the evidence presented by Plaintiff, the sufficiency of the proceedings in this action, and the failure of any person or entity to assert otherwise. See *United States v $44,860.00 in US Currency*, 2010 WL 157538, *3 (ND Tex).

The motion by Plaintiff Axcess Global Sciences, LLC for entry of default judgment against Defendants Ozcan Group, Inc d/b/a Context Health Products, Sami Ozcan, and Ibrahim Arslan is GRANTED. Dkt 35.

Judgment is entered in favor of Plaintiff Axcess Global Sciences, LLC and against Defendants Ozcan Group, Inc d/b/a Context Health Products, Sami Ozcan, and Ibrahim Arslan, jointly and severally, in the amount of $2,000,000.

The motion by Plaintiff doesn't seek or request an award of interest, costs, or fees, and so no order is entered in that regard.

This is a FINAL JUDGMENT.

So ordered.

Signed on July 1, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge